UNITED STATES of America,
Appellee,

v.

Angel GUZMAN, also known
as Angel, Defendant,

Luis Rodriguez, also known as Face,
Defendant–Appellant.

No. 08–2620–cr.

United States Court of Appeals,
Second Circuit.

June 5, 2009.

Peter L. Truebner, Esq., Stamford, CT, for Appellant.

Edward T. Kang, William J. Nardini, Assistant United States Attorneys, for Nora R. Dannehey, Acting United States Attorney for the District of Connecticut, for Appellees.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, and Hon. AMALYA L. KEARSE and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Luis Rodriguez appeals from a judgment entered May 28, 2008 after his conviction on two counts by a jury in the District of Connecticut: one count of possessing with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2, and one count of unlawful possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Rodriguez was sentenced to two concurrent sentences of 262 months. He appeals principally on the grounds that the district court erred by refusing to: (1) allow him to call co-defendant Angel Guzman as a witness after Guzman stated his intention to assert his Fifth Amendment rights; (2) compel the government to seek immunity for Guzman; and (3) provide the jury with a missing witness instruction as to a confidential informant who also asserted his Fifth Amendment privilege. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

"The district court has the discretion to prevent a party from calling a witness solely to have him ... invoke the privilege against self-incrimination in front of the jury." *United States v. Deutsch,* 987 F.2d 878, 883 (2d Cir.1993). This discretion is afforded because "it is feared that [the assertion of the privilege] in the presence of the jury may have a dispropor-

tionate effect on [jury] deliberations." *Id.* at 884 (quotations omitted). In deciding the issue, "[t]he district court, in its discretion, must weigh the relevant factors in determining whether to exclude the witness and determine whether the probative value of the proffered evidence is substantially outweighed by the danger of unfair prejudice." *Id.* (quotations omitted). The decision is reviewed for abuse of discretion. *Id.* Judge Hall did not abuse her discretion.

Guzman explicitly stated (outside the presence of the jury) that he intended to invoke his Fifth Amendment privilege if called to testify; he did not intend to make any statements regarding the events at issue. His testimony would therefore have had no probative value. As Judge Hall observed, it would be "highly prejudicial if there's [a] chance that one or more of the jurors would draw [an adverse] inference [from Guzman's invocation] despite being told not to." Explicitly citing the balancing test set forth in *Deutsch,* Judge Hall concluded that the risk of prejudice outweighed any probative value that Guzman's appearance before the jury would provide.

Rodriguez contends that *Deutsch* is distinguishable because Guzman could potentially provide exculpatory testimony. However, Guzman had already pleaded guilty to conspiring *with Rodriguez* to possess with intent to distribute five grams or more of crack cocaine; so any testimony by Guzman would likely be inculpatory rather than exculpatory.

█ Rodriguez complains of the district court's refusal to order the government to grant immunity to Guzman. Because defense counsel did not raise this issue at trial, the court's ruling is reviewed for plain error. *See United States v. Oberoi,* 547 F.3d 436, 458 (2d Cir.2008).

"The government is under no general obligation to grant use immunity to witnesses the defense designates as potentially helpful to its cause but who will invoke the Fifth Amendment if not immunized." *United States v. Ebbers,* 458 F.3d 110, 118 (2d Cir.2006). "Absent extraordinary circumstances, . . . [there is] no requirement that defense witness immunity be ordered whenever it seems fair to grant it." *United States v. Diaz,* 176 F.3d 52, 115 (2d Cir.1999) (quotations omitted). In order to determine whether extraordinary circumstances warrant a court order directing the government to grant immunity to a defense witness, the Second Circuit applies a three-part test: "[1] the district court must find that the government, through its own overreaching, has forced the witness to invoke the Fifth Amendment or, that the government has engaged in discriminatory use of grants of immunity to gain a tactical advantage; [2] the witness' testimony must be material, exculpatory and not cumulative; and [3] the defendant has no other source to obtain the evidence." *Id.* The defendant bears the burden of demonstrating each of these elements. *Id.*

The defendant has altogether failed to sustain this burden. There is simply no evidence in the record that the government "overreached" in any way and there is no indication that Guzman's testimony would be exculpatory. The district court expressly determined that the testimony would be inculpatory. There is no error, plain or otherwise.

█ Rodriguez challenges the district court's refusal to grant a missing witness instruction for confidential informant Victor Ranero. "[W]hen a party has it peculiarly within its power to produce witnesses and fails to do so, the jury may infer that the testimony [of the missing witness], if produced, would be unfavorable to that party." *United States v. Myerson,* 18 F.3d 153, 158 (2d Cir.1994) (quotations omitted). The possibility of that improper

adverse inference gives rise to the need for a missing witness instruction. However, "appellate courts have recognized that [requiring such an instruction] would unnecessarily infringe on the prosecutorial decision of whether or not to grant immunity." *Id.* at 159. "[I]n the absence of circumstances that indicate the government has failed to immunize an *exculpatory* witness, a district court does not abuse its discretion by refusing to give a missing witness charge." *Id.* at 160 (emphasis added).

Rodriguez failed to demonstrate that Ranero's testimony would be exculpatory. In fact, Ranero's admission that he had purchased drugs from Rodriguez on other occasions was clearly inculpatory. There is simply no indication that Ranero's testimony would have helped Rodriguez in any way.

We have reviewed Appellant's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.